IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> ASHLEY FURNITURE INDUSTRIES, INC., <br><br> Defendant. | FILED <br> JAN 29 2007 <br> DAVID CREWS <br> By: _____ Deputy <br><br> CIVIL ACTION NO.: <br> 3:07CV011-B-A <br><br> COMPLAINT <br> JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963 and Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex and under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, and to provide appropriate relief due to employees as a result of such unlawful practices. The Commission alleges that Ashley Furniture Industries, Inc., paid Deborah Jones wages at a rate which was less than the rate paid to male employees performing substantially equal work and otherwise discriminated against Deborah Jones with regard to her compensation because of her sex and/or her race.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"). This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Mississippi, Oxford Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and Title VII, and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705; and by §

706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Ashley Furniture Industries, Inc. (the "Employer"), has continuously been a Wisconsin corporation, doing business in the State of Mississippi and the City of Ecru, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Defendant Employer has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

7. At all relevant times, Defendant Employer has continuously employed employees engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(b), (i) and (j) of the FLSA, 29 U.S.C. §§ 203(b), (i) and (j) and has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously been an enterprise whose annual gross volume of sales made or business done is not less than $500,000.

## STATEMENT OF TITLE VII CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Deborah Jones filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. (a) Deborah Jones is an African-American female.

(b) Deborah Jones was employed by Defendant Employer from November, 1999, until September 23, 2005.

(c) Defendant Employer paid Deborah Jones wages at a rate less than the rate paid to male employees performing substantially equal work as she performed.

(d) Defendant Employer paid Deborah Jones wages at a rate less than the rate paid to white employees performing substantially equal work as she performed.

(e) Since at least October 16, 2002, and thereafter until such time as Deborah Jones left the employ of Defendant Employer, Defendant Employer engaged in unlawful employment practices at its Ecru, Mississippi, facility, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2.

10. The effect of the practice(s) complained of in paragraph 9 above has

been to deprive Deborah Jones of equal employment opportunities and otherwise adversely affect her status as an employee, because of her sex and/or her race.

11. The unlawful employment practices complained of in paragraph 9 above were intentional.

12. The unlawful employment practices complained of in paragraph 9 above were done with malice or with reckless indifference to the federally-protected rights of Deborah Jones.

13. Since at least October 16, 2002, and thereafter until such time as Deborah Jones left the employ of Defendant Employer, Defendant Employer violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying wages to Deborah Jones, a female Maintenance Repairs and Operations Procurement Specialist, in its Ecru, Mississippi, facility, at rates less than the rates paid to male employees in the same establishment for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

14. As a result of the acts complained of in paragraph 13, Defendant Employer unlawfully has withheld and is continuing to withhold the payment of wages due to Deborah Jones.

15. The unlawful practices complained of in paragraph 13 above were

willful.

PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in discrimination in the payment of wages and in any other employment practice which discriminates on the basis of sex and/or race.

B. Grant a permanent injunction enjoining the Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating within any of its establishments between employees on the basis of sex, by paying wages to employees of one sex at rates less than the rates at which it pays wages to employees of the opposite sex for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

C. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for women and African-Americans, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant Employer to make whole Deborah Jones, by providing

appropriate backpay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E. Order Defendant Employer to make whole Deborah Jones by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraph 9 above in amounts to be determined at trial.

F. Order Defendant Employer to make whole Deborah Jones by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 9 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G. Order Defendant Employer to pay Deborah Jones punitive damages for its malicious and/or reckless conduct described in paragraph 9 above, in an amount to be determined at trial.

H. Grant a judgment requiring Defendant Employer to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to Deborah Jones.

I. Grant such further relief as this Court deems necessary and proper in the public interest.

J. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*C. Emanuel Smith*
C. Emanuel Smith (MS 7473)
Regional Attorney

*Julie Lee*
Julie Lee (DC 433292)
Supervisory Trial Attorney

*Charles E. Guerrier*
Charles E. Guerrier (0023546 Ohio)
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place
1130 22nd Street South

Suite 2000
Birmingham, Alabama 35205
Tel: (205) 212-2044
Fax: (205) 212-2041